IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HECTOR MANUEL BOSSIO, #394364,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DORA BISHOP, *et al.*,  )<br>)<br>Defendants.  ) | CASE NO. 3:16-CV-839-WKW<br>[WO] |

## **ORDER**

Before the court is Plaintiff's motion for a temporary restraining order and preliminary injunction.[1]  (Doc. # 1.)   Plaintiff is an inmate in Russell County Jail in Phenix City, Alabama.  Proceeding *pro se*, Plaintiff seeks a temporary restraining order "against the Phenix City police for fear of future retaliation against [him]," and other forms of injunctive relief.  (Doc. # 1.)  The motion for a temporary restraining order is due to be denied, and the motion for a preliminary injunction will be referred to the Magistrate Judge.

A temporary restraining order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2)

---

[1] Because Plaintiff is an inmate proceeding *pro se*, his complaint (Doc. # 1)—which he brings under 42 U.S.C. § 1983 and which includes requests for relief in the form of a "restraining order" and other forms of injunctive relief—is construed liberally as including both a motion for a temporary restraining order and preliminary injunction.  *See Bellizia v. Fla. Dep't of Corr.*, 614 F.3d 1326, 1329 (11th Cir. 2009) (holding that *pro se* filings are construed liberally).

that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Furthermore, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required.  Fed. R. Civ. P. 65(b)(1).

Plaintiff has not met Rule 65(b)(1)'s requirements.  First, although he has submitted a verified complaint in support of his allegations, he does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition.  Second, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B).  Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is ORDERED that Plaintiff's motion for a temporary restraining order (Doc. # 1) is DENIED.

It is further ORDERED that the motion for a preliminary injunction (Doc. # 1) is REFERRED to the Magistrate Judge for further proceedings and a recommendation.

DONE this 24th day of October, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE