IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HECTOR MANUEL BOSSIO, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 3:16-cv-839-WKW |
| | )   [wo] |
| CPL. DORA BISHOP (HUNTER), *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Russell County Jail in Phenix City, Alabama. He files this *pro se* 42 U.S.C. § 1983 action alleging that Defendants Dora Bishop and Marc Cutt, law enforcement officers with the Phenix City Police Department, conducted an unlawful search and seizure of his car on January 7, 2016, which culminated in his arrest and filing criminal charges against him. Plaintiff also names as defendants Phenix City Police Chief Ray Smith and Phenix City Mayor Eddie Lowe. Upon review, the court concludes that dismissal of the complaint against Defendant Lowe prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I. DISCUSSION

**A. Mayor Lowe**

Plaintiff names as a defendant Eddie Lowe, the Mayor of Phenix City, Alabama. He challenges Mayor Lowe's failure to respond to a letter of complaint Plaintiff sent him regarding

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the matters made the subject matter of the instant action. Plaintiff also complains that Defendant Lowe failed to investigate complaints he made against Defendants Bishop and Cutt. Doc. 1.

Claims against local governments, government officials, or supervisors brought under § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff must allege facts showing that Defendant Lowe either directly participated in the alleged constitutional deprivations, or there is some other causal connection between this Defendant's acts or omissions and the alleged constitutional deprivations. *Id.*; *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (*per curiam*). Such a causal connection may be established by showing that the official or supervisor implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). An official or supervisor may also be subject to § 1983 liability when a history of widespread abuse puts him on notice of the need to take corrective action and he fails to do so. *Brown*, 906 F.2d at 671; *Williams v. Cash*, 836 F.2d 1318, 1320 (11th Cir. 1988).

Plaintiff fails to allege facts indicating that Defendant Lowe was directly involved in his alleged constitutional deprivations, nor does he allege there was a custom, policy, or history of

widespread abuse that would subject this defendant to liability under § 1983. Plaintiff, therefore, has failed to state a claim against the Mayor of Phenix City, and he is due to be dismissed as a party to the complaint.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's § 1983 complaint against Defendant Lowe be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  This case be referred to the undersigned for further proceedings.

It is further ORDERED that **on or before November 17, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of November 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE