IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HECTOR MANUEL BOSSIO, )
#394364, )
 )
      Plaintiff, )
 )
  v. ) CASE NO. 3:16-CV-839-WKW
 ) [WO]
DORA BISHOP, *et al.*, )
 )
      Defendants. )

## **ORDER**

On November 1, 2016, the Magistrate Judge filed a Recommendation in this case. (Doc. # 6.) Plaintiff Hector Manuel Bossio filed objections to the recommendation on November 10, 2016. (Doc. # 11.) The court independently has reviewed the record and has made a *de novo* determination as to those portions of the Recommendation to which Plaintiff objects. For the reasons set forth below, Plaintiff's objections are due to be overruled.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant caused him or her to be subjected to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Supervisory officials can be liable for the conduct of subordinates under § 1983 "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the

alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). This causation requirement precludes claims based merely on a theory of vicarious liability. *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006). But, this circuit has held that a supervisor's conduct causes the deprivation when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Matthews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007); *Cottone*, 326 F.3d at 1360.

Plaintiff seems to argue that Mayor Lowe's failure to respond to either of Plaintiff's two letters is conduct sufficient to place him in the first *Matthews* category. (Doc. # 11.) Nonsense. Adopting Plaintiff's position here would require this court to exempt him from the rigorous standard this circuit has in place to distinguish between cases in which the supervising official is guilty of constitutional wrongdoing and cases like this. Deprivations that constitute the kind of "widespread abuse" necessary to put the official on notice must be "obvious, flagrant, rampant, and of continued duration rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). It follows that Mayor Lowe's refusal to review

Mr. Bossio's case—without additional facts showing a pattern of behavior demonstrating his indifference to constitutional violations—is not enough to establish his liability as a supervisory official under § 1983. Indeed, the law can hardly expect the mayors of small-town America to respond to every letter from an inmate who insists his misfortune is the result of a police conspiracy.

Upon careful consideration of Plaintiff's objections, it is ORDERED that Plaintiff's objections are overruled, that the Recommendation is ADOPTED, and that Plaintiff's claim against Defendant Eddie Lowe is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

This action is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 17th day of November, 2016.

                                            /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE