IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL BOSSIO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:16-CV-839-ECM |
| | ) | [WO] |
| CPL. DORA BISHOP (HUNTER), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Before the court is Plaintiff's motion for a preliminary injunction. Plaintiff asserts that in addition to the instant civil action, there are criminal charges pending against him in this court. He maintains this civil action predates his federal criminal case and states it is appropriate to address his criminal case issues first through this civil case because the issues are related and the civil action predates his criminal charges. Plaintiff appears to request +his federal prosecution in this court be enjoined to the extent such prosecution would not be in conformance with his rights under the U.S. Constitution and that cases which relate to the pending action be conducted in compliance with Article III, the U.S. Constitution, and state law. Upon review, the court concludes the motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the

injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);   *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain  Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern  Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th  Cir. 1990).

## III. DISCUSSION

Review of Plaintiff's motion for injunctive relief reflects he is not entitled to a preliminary injunction in this case based on the circumstances presented. A preliminary injunction is not an

appropriate vehicle for trying to obtain relief that is not even sought in the underlying action. *See Klay v. United HealthGroup, Inc.,* 376 F.3d 1092, 1097–98 (11th Cir. 2004) (the requested injunctive relief must relate in some fashion to the relief requested in the complaint). To obtain preliminary injunctive relief, a plaintiff must demonstrate a substantial likelihood of prevailing on the merits of at least one of the causes of action as preliminary injunctions are a tool appropriately used only to "grant intermediate relief of the same character as that which may be granted finally." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). Even if Plaintiff could establish the propriety of his request for preliminary injunctive relief, his request is devoid of any allegation he will suffer specific and irreparable harm if an injunction is not issued. To establish irreparable injury Plaintiff must show he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm."). "). Finally, it is impossible to determine what Plaintiff's requested relief would entail exactly and whether issuing a preliminary injunction would harm the public interest. Issuing a preliminary injunction is not warranted.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The Motion for Preliminary Injunction (Doc. 73) be DENIED; and

2.  This case be referred to the undersigned for additional proceedings.

It is further

3

ORDERED that on **or before August 27, 2018**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of August 2018.


 /s/Terry F. Moorer
 TERRY F. MOORER
 UNITES STATES MAGISTRATE JUDGE