IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HECTOR MANUEL BOSSIO, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:16-CV-839-ECM-JTA ) |
| CPL. DORA BISHOP (HUNTER), et al., | ) ) |
| Defendants. | ) |

## SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Hector Manuel Bossio, Jr. ("Bossio"), a pre-trial detainee confined in the Russell County Jail, asserting that his arrest on January 7, 2016 was unlawful because the police officers had no probable cause to detain, search and arrest him. On December 9, 2019, this Court entered a recommendation dismissing this action with prejudice. The plaintiff has filed objections to the recommendation. The Court has reviewed these objections and concludes after careful consideration that they are due to be denied.

### II. DISCUSSION

The plaintiff objects to the recommendation on the basis that it fails to address two claims. First, he claims "I was robbed at gunpoint by two Phenix City Police Officers (Armed Robbery). They took $5,800.00 that they never reported." (Doc. 104, p. 1). However, Bossio as a private citizen can not bring an action for Armed Robbery. Indeed, this claim fails as a matter of law because Bossio as "a private citizen lacks a judicially

cognizable interest in the prosecution or non-prosecution of another." *Corpa v. Dale County Jail,* No. 1:18-CV-987-WHA-CSC, 2018 WL 6710035, at *2 (M.D. Ala. Nov. 29, 2018) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)). Accordingly, the Court concludes that the plaintiff's objections are due to be overruled as to this claim.

Second, Bossio claims that the Chief of Police is involved in an "ongoing cover-up of this armed robbery." (Doc. 104, p. 2). To the extent that the plaintiff seeks to bring a criminal action against the Chief of Police that claim also fails as a matter of law for the reasons discussed above. *Id.* Further, to the extent the plaintiff seeks the return of this money, which he alleges was stolen, the State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Bossio to seek redress of this alleged taking of his money. *Oliver v. Laseter,* No. 2:16-CV-248-WHA-SRW, 2018 WL 1474909, at *5 (M.D. Ala. March 5, 2018) (citing Ala. Code § 41-9-60 *et. seq*.). Finally, to the extent that the Court can read the plaintiff's objections as stating a due process claim, the "post-deprivation remedies to the plaintiff under Alabama tort law [are] sufficient to satisfy due process." *Id.* Accordingly, the Court concludes that these objections lack merit, the recommendation is due to be adopted and this case dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's objections be OVERRULED.

2. The defendants' motion for summary judgment be GRANTED.

3. Judgment be GRANTED in favor of the defendants.

4. This case be dismissed with prejudice.

5. Costs be taxed against the plaintiff.

On or before **February 4, 2020** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of January, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE