IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL BOSSIO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 3:16-cv-839-ECM |
| | ) | (WO) |
| CPL. DORA BISHOP (HUNTER), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On December 9, 2019, the Magistrate Judge entered a Recommendation that judgment be entered in favor of the Defendants and against the Plaintiff in this § 1983 action. (Doc. 102). On December 23, 2019, the Plaintiff filed objections to the Recommendation. (Doc. 104). In response to the Plaintiff's objections, the Magistrate Judge entered a Supplemental Recommendation recommending that the Plaintiff's objections be overruled. (Doc. 109). On February 22, 2020, the Plaintiff filed objections to the Supplemental Recommendation. (Doc. 114). The Plaintiff also objects to the Court's denial of his motion to appeal *in forma pauperis* and denial of a motion for a certificate of appealability. (Doc. 115).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507,

513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Court has carefully reviewed the record in this case, the Recommendations of the Magistrate Judge, and the Plaintiff's objections. Only one of the Plaintiff's objections merits any discussion. Specifically, the Plaintiff asserts in his objections to the Supplemental Recommendation that he has been denied due process and equal protection in violation of the Fourteenth Amendment to the United States Constitution. (Doc.114 at 2-3). The Plaintiff has not previously raised an equal protection or due process claim in this litigation, and he may not now amend his complaint by raising new claims in his objections to the Recommendation of the Magistrate Judge. *See Gilmour v. Gates, & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citation omitted); *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017). Despite the "liberal pleading standard for civil complaints," a plaintiff may not "raise new claims at the summary judgment stage," which is the current posture of this case. *See Gilmour*, 789 F.3d at 1314; *see also, White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015).

The Court has reviewed the Plaintiff's remaining objections as amended, wherein he reiterates his complaints against the Russell County police officers. The Plaintiff does not point to any legal error committed by the Magistrate Judge, but his objections largely

2

mirror his response to the Defendants' motion for summary judgment, offering only his conclusory assertions that the officers lacked probable cause to arrest him, and asserting that they stole $5800.00 in cash from he when he was arrested. He objects to the Report and Recommendation without adequate specificity and without clearly stating the bases for his objections. Despite the lack of specificity in the Plaintiff's objections meriting review only for clear error, the Court undertook a *de novo* review of Plaintiff's remaining objections and finds that they are due to be overruled even under that more stringent standard of review. The well-reasoned Recommendations of the Magistrate Judge effectively address all of the Plaintiff's claims.

The Court has considered the Plaintiff's objection to the denial of his motion to appeal *in forma pauperis* and denial of a motion for a certificate of appealability (doc. 115), which the Court construes as a Rule 60 motion for relief from an order. Although Bossio seeks relief from the denial of his motion to appeal, the basis for his objection appears to relate to earlier discovery orders. None of the grounds listed in Rule 60 support Bossio's motion. Consequently, it is due to be denied.

Accordingly, upon an independent review of the file in this case, and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections (docs. 104, 114 & 115) are OVERRULED;

2. the Recommendations of the Magistrate Judge are ADOPTED;

3. the Defendants' motion for summary judgment is GRANTED;

4. judgment is GRANTED in favor of the Defendants;

5. this case is DISMISSED with prejudice; and

6. costs of this proceeding be and are hereby TAXED against the Plaintiff for which execution may issue.

A separate judgment will be entered.

DONE this 23rd day of March, 2020.

                    /s/ Emily C. Marks
            EMILY C. MARKS
            CHIEF UNITED STATES DISTRICT JUDGE